UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| AMY JO REINHOLTZ, as Personal Representative of the Estate of MARVIN REINHOLTZ, III (deceased), | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Cause No.: 2:15-CV-309 ) |
| ISMAEL FLORES, RP TRUCKING SOLUTIONS, INC., EIC TRANSPORT, INC., JAMES BAUER, and UPS GROUND FREIGHT, INC., | ) ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the motion to dismiss filed by Defendants UPS Ground Freight, Inc., and James Bauer (docket entry at 6). The Plaintiff, Amy Jo Reinholtz filed a response in opposition to the motion (DE 14), as did Defendants Flores, RP Trucking, and EIC Transport (DE 13). UPS and Bauer filed a reply brief (DE 15). For the reasons discussed below, the motion to dismiss is GRANTED and the Plaintiff's claims against UPS Ground Freight, Inc., and James Bauer are DISMISSED WITH PREJUDICE. The court's ruling on the motion to dismiss does not preclude the nonmovants from asserting a nonparty claim against Bauer or UPS Ground Freight for purposes of allocation of fault pursuant to the Indiana Comparative Fault statute. The Plaintiff's claims against Defendants Flores, RP Trucking, and EIC Transport are unaffected by this Order and remain pending.

**DISCUSSION**

Amy Jo Reinholtz filed this lawsuit to recover damages for the alleged wrongful death of her husband, Marvin.[1] On January 9, 2015, Marvin Reinholtz was driving a UPS semi-tractor eastbound on Interstate 80 in Lake County, Indiana. According to the Complaint, Reinholtz's truck was parked "when [Defendant Flores] negligently drove a semi-tractor into the parked semi-tractor of Marvin Reinholtz, decedent. The decedent died as a result of this crash." Complaint, p. 2, ¶ 9. The Plaintiff alleges a negligence cause of action against Flores and alleges that his employers, RP Trucking and EIC Transport, are also liable for damages under a theory of *respondeat superior*.[2] Complaint, ¶¶ 17 and 21. The Plaintiff also alleges a negligence cause of action against Bauer and his employer, UPS Ground Freight. *Id.*, ¶¶ 24-33. According to the Plaintiff, Bauer "negligently drove in such a manner that caused a collision between the semi-tractor driven by . . . Flores, and the parked semi-tractor of Marvin Reinholtz[.]" *Id.*, ¶ 24. In other words, the allegations indicate that this was a "multiple-party motor vehicle collision[.]" Defendants' Response in Opposition (DE 13), p. 1. This fact is significant, as we will see.

---

[1] Reinholtz originally filed her suit in the Circuit Court of Lake County, Indiana. The Defendants removed the case to this court based on diversity jurisdiction. *See* Complaint (DE 5) and Notice of Removal (DE 1).

[2] It is not clear from the Complaint or the parties' briefs who actually employed. The Complaint asserts claims against both RP and EIC, based on the doctrine of *respondeat superior*, alleging that Flores was an "employee, agent, or servant of RP Trucking" and an "employee, agent, or servant of EIC Transport[.]" Complaint, ¶¶ 16 and 20. Flores' Answer to the Complaint also does not make clear who his employer was at the time of the accident. *See* Answer of Flores, RP and EIC (DE 9), p. 8. In any event, the answer is not pertinent to the motion to dismiss.

2

In their motion to dismiss, Bauer and UPS advance two theories. First, they contend that "[s]tate substantive law, namely, the Indiana Worker's Compensation Act, denies Plaintiff a remedy for the causes of action asserted in her Complaint by virtue of its exclusive remedy provision, which covers UPS Freight and Bauer." Motion to Dismiss, p. 1. UPS and Bauer argue that "[n]ot pled in Plaintiff's Complaint, but known to Plaintiff, is the fact that Plaintiff's decedent was an employee of United Parcel Service, Inc., acting in the course and scope of his employment, at the time of the accident. Immediately before the accident, when he pulled over on Interstate 80, and at the time of the accident, the decedent was operating a United Parcel Service, Inc.-owned tractor and hauling loaded double trailers on United Parcel Service, Inc.'s behalf from Chicago, Illinois, to Elkhart, Indiana. United Parcel Service, Inc., and UPS Freight share a parent/subsidiary relationship." Defendants' Memorandum in Support of Motion to Dismiss, pp. 2-3. As a result, contend Bauer and UPS, the Indiana Worker's Compensation statute provides the exclusive remedy and precludes the Plaintiff's common law negligence claims against them. *Id*., pp. 5-6 (citing *Evans v. Yankeetown Dock Corp.*, 491 N.E.2d 969 (Ind. 1986); *Preston v. Chancellor's Learning Sys., Inc.*, 2009 WL 1583464, at *4 (S.D. Ind. June 4, 2009); *Rassbach v. Alcala*, 775 N.E.2d 353 (Ind.Ct.App. 2002)).

UPS and Bauer also argue that the "Plaintiff's Complaint fails to contain specific factual allegations [to support] her negligence claim against Bauer . . ." or her "claim against UPS Freight . . . based on *respondeat superior*[.]" and so her Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). *Id*., p. 5 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *McGrath v. Everest Nat'l Ins. Co.*, 625 F.Supp.2d 660 (N.D. Ind. 2008)). Bauer and UPS contend that the Plaintiff's Complaint, as it relates to them,

3

contains only "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,'" and therefore must be dismissed pursuant to Rule 12(b)(6). *Id.*, p. 4 (quoting *Iqbal*, 556 U.S. at 678).

The first of these substantive arguments appears quite solid and the second only slightly less so. But in the end the court need not address them on their merits, since neither the Plaintiff nor the "Flores Defendants" (i.e., Flores, RP and EIC) contest them. That is to say, their respective briefs in "opposition" to the motion to dismiss don't really oppose it at all (although they do "object" to the motion, as discussed below).

In her response brief, Reinholtz simply states that she "hereby joins and adopts Defendants Flores, RP Trucking Solutions, Inc., and EIC Transport, Inc.'s express objection to the dismissal of Defendants James Bauer and UPS Ground Freight, Inc." Plaintiff's Response, p. 2. The brief does not address the issues raised in the motion, so we turn to the brief of the Flores Defendants. In their brief, they explain that they "preserved their ability to assert comparative fault against James Bauer and UPS Ground Freight, Inc., and preemptively named each as 'non-party' defendants." Defendants' Response, p. 2 (citing Defendants' Answer to Complaint (DE 7)). The Flores Defendants point out that the Indiana Comparative Fault statute, I.C. § 34-51-2-1 *et seq.*, provides that, even if the Plaintiff's claims against Bauer and UPS Freight are dismissed, they (meaning the Flores Defendants) can still assert a non-party defense against Bauer and UPS Freight for purposes of allocating damages. *Id.*, pp. 3-4. The Flores Defendants quote the following portion of the applicable statute:

> The jury shall determine the percentage of fault of the claimant, of the defendants, and of any person who is a nonparty. The jury may not be informed of any immunity defense that might be available to a nonparty. In assessing percentage of

> fault, the jury shall consider the fault of all persons who caused or contributed to cause the alleged injury, death, or damage to property . . . regardless of whether the person was or could have been named as a party.

*Id*., p. 3 (quoting I.C. § 34-51-2-8(b)). The Defendants state that "there is a question as to the allocation of fault in this case and this issue is for the jury to resolve." *Id*. Finally, the Flores Defendants note that "[a] party-defendant need only: (1) object to a dismissal; or (2) claim that a party-defendant should remain for purposes of allocation of fault in order to preserve a nonparty defense." *Id*., pp. 4-5 (citing *Bowles v. Tatom*, 546 N.E.2d 1188, 1190 (Ind. 1989); *Bloemaker v. Detroit Diesel Corp.*, 687 N.E.2d 358, 360 (Ind. 1997); *Nationwide Ins. Co. v. Parmer*, 958 N.E.2d 802 (Ind.Ct.App. 2011)).

The Flores Defendants conclude by stating that "[t]o the extent that [Bauer and UPS Freight] are dismissed, Defendants, Flores, RP Trucking Solutions, Inc., and EIC Transport, Inc., request that fault continue[] to be allocated to them pursuant to the non-party statute and that the jury not be instructed as to any immunity afforded to them." *Id*., p. 6.

In their reply brief, Bauer and UPS Freight argue that "[a]s neither the Plaintiff nor [the] Flores Defendants have substantively opposed Defendants' Motion to Dismiss and have only formally objected for the sole purpose of preserving their right to assert a non-party defense in accordance with the Indiana Code section on comparative fault, Defendants' Motion to Dismiss should be granted and Plaintiff's Complaint as against [Bauer and UPS Freight] should be dismissed with prejudice." Defendants' Reply, p. 2.

So all of this boils down to a simple (but very important) procedural point. The movants contend that the Plaintiff's claims are barred by the Indiana Worker's Compensation statute, and neither the Plaintiff nor the Flores Defendants contest that. Their "opposition" to the motion is

5

based not on the substantive arguments presented, but on their desire to protect their right to have a jury determine whether Bauer or UPS Freight should be held liable for all or part of the damages sought by the Plaintiff. And, while the Plaintiff and the Flores Defendants do not challenge the movants' substantive claims, the movants' likewise do not contest the fact that, even if the claims against them are dismissed, they might still be on the hook for damages based on the Indiana comparative fault statute. Stated even more simply, the Plaintiff and the Flores Defendants do not oppose dismissal, so long as their right to assert a nonparty comparative fault claim against Bauer and UPS Freight is not infringed.

## CONCLUSION

For the reasons discussed above, the Motion to Dismiss filed by Defendants James Bauer and UPS Ground Freight, Inc., is GRANTED and the Plaintiff's claims against these defendants are DISMISSED WITH PREJUDICE. The court's ruling on the motion to dismiss does not preclude the nonmovants from asserting a nonparty claim against Bauer or UPS Ground Freight for purposes of allocation of fault pursuant to the Indiana Comparative Fault statute. The Plaintiff's claims against Defendants Flores, RP Trucking, and EIC Transport are unaffected by this Order and remain pending.

Dated: December 8, 2015.

                                                /s/   William C. Lee
                                                  William C. Lee, Judge
                                                United States District Court
                                                Northern District of Indiana